IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR460** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| **ADAN RUBIO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 22) issued by Magistrate Judge F.A. Gossett recommending denial of the Defendant's motion to suppress (Filing No. 12). No objections have been filed to the Report and Recommendation as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

The Defendant seeks an order suppressing evidence and statements resulting from the encounter between officers and the Defendant, Adan Rubio, on September 28, 2004. The Defendant argues: probable cause did not support his stop, detention and warrantless arrest; and he did not voluntarily consent to a search of his alleged residence.

Judge Gossett determined: the information obtained from the cooperating individual was sufficiently corroborated and provided probable cause for the Defendant's arrest; any statements[1] made at the scene of the Defendant's arrest, obtained while the Defendant was in custody, and that are not exempted from *Miranda*'s coverage, should be suppressed; the government takes the position that standing to the Omaha, Nebraska, residence in question is not an issue; and the Defendant voluntarily consented to the search of the residence.

---

[1] No specific statements were identified by either party.

Notwithstanding the absence of objections, pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3, the Court has conducted a de novo review of the record. The Court has read the parties' briefs (Filing Nos. 20, 21) and the transcript (Filing No. 17). The Court has also viewed the evidence. (Filing No. 14) Because Judge Gossett fully, carefully, and correctly applied the law to the facts, the Court adopts the Report and Recommendation in its entirety.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 22) is adopted in its entirety;

2. The Defendant's motion to suppress (Filing No. 12) is granted in part and denied in part as follows:

    a. The motion is granted as to any statements made at the scene of the Defendant's arrest on September 28, 2004, which are not exempted from *Miranda*'s coverage and which were made while the Defendant was in custody; and

    b. Otherwise, the motion is denied.

DATED this 4th day of May, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge